This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                           **No. A-1-CA-35919**

**VINCENTE CHARLES MEDINA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}    Defendant appeals from a conditional plea of guilt to possession of cocaine. In his conditional plea agreement, Defendant reserved the right to appeal the district court's adverse ruling regarding his contention that his constitutional right to a speedy trial was violated. [RP 109-110] We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2}    Defendant continues to contend that his constitutional right to a speedy trial was violated. "[T]he initial inquiry in speedy trial analysis is a determination as to whether the length of pretrial delay is presumptively prejudicial." *State v. Montoya*, 2011-NMCA-074, ¶ 10, 150 N.M. 415, 259 P.3d 820 (internal quotation marks and citation omitted). "If the delay is presumptively prejudicial, we balance these four factors to determine whether a speedy trial violation has occurred." *State v. Fierro*, 2014-NMCA-004,¶ 6, 315 P.3d 319. "The factors to be considered are (1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant." *Id.* (internal quotation marks and citation omitted). "In considering each of these factors, we defer to the [district] court's factual findings[,] but review de novo the question of whether [the d]efendant's constitutional right [to a speedy trial] was violated." *State v. Brown*, 2003-NMCA-110, ¶ 11, 134 N.M. 356, 76 P.3d 1113.

{3} Here, the district court set forth detailed findings in its order denying the motion to dismiss. [RP 104] Defendant was indicted on October 2, 2014, and the court noted that there had been a delay of almost twenty-two months. [RP 104] This delay was sufficient to trigger a presumption of prejudice for a simple case, which the court ruled was the case here. [RP 104] *See State v. Garza*, 2009-NMSC-038, ¶¶ 47-48, 146 N.M. 499, 212 P.3d 387 (holding that twelve months is presumptively prejudicial for simple cases, fifteen months is presumptively prejudicial for intermediate cases, and eighteen months is presumptively prejudicial for complex cases).

{4} The delay in this case is ten months past the twelve-month guideline. [RP 105] Defendant waived delay for three months, leaving a balance of seven months. [RP 105] A seven-month delay weighs at least slightly in Defendant's favor. *See State v. Lujan*, 2015-NMCA-032, ¶ 14, 345 P.3d 1103 (discussing same seven-month period of delay). The reason for the delay appears to have been equally attributable to Defendant and the State. [RP 105-06] Defendant made pro forma speedy trial demands and an eve-of-trial motion to dismiss. [RP 106] With respect to prejudice, there has been no showing that Defendant endured oppressive pretrial incarceration, suffered undue anxiety and concern, or that his defense was impaired. [RP 107] *See State v. Spearman*, 2012-NMSC-023, ¶ 37, 283 P.3d 272. Although Defendant claimed that the delay caused faded memories of the witnesses [RP 107-08], he

3

concedes that no specific memory problems were alleged. [MIO 12] Such general allegations are insufficient to establish actual prejudice. *See State v. Stock*, 2006-NMCA-140, ¶ 16, 140 N.M. 676, 147 P.3d 885.

{5}     Under the circumstances, we reject Defendant's speedy trial claim. *See generally Garza*, 2009-NMSC-038, ¶ 39 (observing that "generally a defendant must show particularized prejudice" to his ability to defend himself, and only where "the length of delay and the reasons for the delay weigh heavily in [the] defendant's favor and [the] defendant has asserted his right and not acquiesced to the delay" does "the defendant need not show [particularized] prejudice" in order to prevail on a speedy trial claim). Finally, Defendant's claim of pretrial stress associated with his inability to possess firearms or consume alcohol was insufficient to establish actual prejudice. *See id*. ¶ 37 (noting that while the district court found "some actual prejudice in the form of restrictions imposed by pre-trial conditions of release and stress" there was no prejudice under a speedy trial analysis because the speedy trial right does not protect against "some non-particularized prejudice" even when the delay was presumptively prejudicial).

{6}     For the foregoing reasons, we affirm.

{7}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

4

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**HENRY M. BOHNHOFF, Judge**